IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIOMA MUONELO | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) Case No.  CIV-20-805-PRW |
| | ) |
| LOANCARE LLC, | ) |
| | ) |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CHIOMA MUONELO as and for her Complaint respectfully alleges as follows:

## I.      INTRODUCTION

1. This is a civil action by Plaintiff CHIOMA MUONELO, an individual consumer, seeking actual, statutory and punitive money damages, litigation costs and reasonable attorneys' fees against Defendant LOANCARE LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this court arises under (a) 15 U.S.C. § 1681p and (b) 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

### III.   PARTIES

3. Plaintiff, CHIOMA MUONELO, is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Defendant is a Virginia entity with its principal place of business located at 3637 Sentara Way, Virginia Beach, VA 23452.

5. Defendant is a furnisher of information to Experian and TransUnion, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

### IV.   FACTS OF THE COMPLAINT

6. Defendant furnished one tradeline of $330,000 for a mortgage loan and a rehab loan for renovation costs in approximately August 2019. In September 2019 due to damage to the property caused by a natural hazard, Plaintiff notified Defendant that she would be unable to renovate the property. Defendant communicated to Plaintiff that they would apply six months of payments to the balance and apply the remainder of the loan to the principal loan amount, thereby creating a current approximate amount owed of $110,956.00. As a result of the agreement, Plaintiff would have no payment due on the loan for six months.

7. In approximately January 2020, Plaintiff sought to obtain a construction loan to rebuild her home and was denied. Plaintiff thereafter obtained a copy of her consumer report and discovered inaccurate, false information furnished by Defendant. In particular, the account is being reported as 60 days past due beginning in January 2020.

8. After disputing multiple times, Plaintiff was unable to obtain debt validation or get the inaccurate tradeline removed. Therefore Plaintiff hired legal counsel and disputed again through legal counsel directly with the consumer reporting agencies, particularly Experian and TransUnion.

9. On approximately February 5, 2020 Plaintiff disputed the accuracy of the debt reporting as 60 days past due. In particular, Plaintiff advised Defendant that the reporting was in error and that she did not have any payments due during the period for which Defendant was reporting the debt as late. Defendant did not respond to Plaintiff's February 5, 2020 dispute letter.

10. On approximately February 5, 2020 Plaintiff sent disputes to Experian and TransUnion regarding Defendant's reporting of the debt as 60 days past due.

11. Upon information and belief Experian and TransUnion provided notice of Plaintiff's dispute to Defendant.

12. Plaintiff received reinvestigation results from Experian dated April 11, 2020 wherein Defendant falsely certified that that information it is reporting regarding this alleged debt is accurate, despite Plaintiff's repeated disputes.

13. On May 20, 2020 Plaintiff disputed directly with Defendant via a telephone call that lasted approximately 59 minutes. Plaintiff was advised that the dispute would be escalated to Defendant's management team.

14. On May 21, 2020 Plaintiff sent a written dispute to Defendant via its dispute email portal documenting the May 20, 2020 phone conversation and again

detailing the dispute. Defendant did not respond to Plaintiff's May 21, 2020 dispute letter.

15. On June 3, 2020 Plaintiff sent a written dispute via certified mail to Defendant disputing the reporting of the debt. Defendant did not respond to Plaintiff's June 3, 2020 dispute letter.

16. Defendant continued to report the alleged debt as delinquent to Experian and TransUnion from approximately January 2020 through current reporting.

17. The inaccurate reporting has impacted Plaintiff's credit rating.

18. As a result of the actions and inactions of the Defendant, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above.

20. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation regarding the late reporting that was furnished to the Consumer Reporting Agencies.

21. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

22. Defendant's conduct was negligent and/or willful.

23. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

24. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above.

26. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

27. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

28. Defendant's conduct was negligent and/or willful.

29. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

30. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above.

32. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information about the alleged debt.

33. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

34. Defendant's conduct was negligent and/or willful.

35. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

36. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(D)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 above.

38. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

39. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

40. Defendant's conduct was negligent and/or willful.

41. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

42. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(E)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 above.

44. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous information, or (iii) block the re-reporting of inaccurate or unverifiable information.

45. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

46. Defendant's conduct was negligent and/or willful.

47. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

48. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHIOMA MUONELO respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

    A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

    B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

  C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

  D. For such other and further relief as the Court may deem just and proper.

            Respectfully submitted,

Dated: August 13, 2020     By: s/ Tiffany Hill
              Tiffany Hill, Esq. (OBA# 31332)
              PO Box 5302
              Edmond, OK 73083
              (405) 456-9406
              thlegalconsulting@gmail.com
              *ATTORNEY FOR PLAINTIFF*